DORE, Judge.
On the night of July 26, 1948, in the Parish of East Baton Rouge, a collision occurred between a truck owned by Sam Grimmett, Inc., insured by Great American Indemnity Company, and being driven by Curley Marks, and a passenger bus owned by plaintiff, Theodore E. Prophet and being driven by him. The accident occurred on the highway between St. Francis-ville and Baton Rouge, being a paved highway 18 feet in width, with narrow gravel shoulders. The truck and the bus were traveling in opposite directions and the collision was a sideswiping collision, which plaintiff alleges was caused entirely by the negligence of defendant Curley Marks. He alleges further that as a result of the accident, his bus was damaged .in the amount of $1371.86, and further, that of that amount, he received $1271.86 from his insurer, The Columbia Fire Insurance Company. He further alleges that during the time that his bus was idle, for three months, due to the damages thereon, he lost income in the sum of $750, figured at the rate of $250 per month. The suit is therefore on behalf of plaintiff Prophet in the sum of $850, $750 for loss of profit and $100 for the deductible part of his insurance, and in the sum of $1271.86 on behalf of his insurer, The Columbia Fire Insurance Company, against the defendant, Sam Grimmett, Inc., the owner of the truck, its insurer and the driver of the truck.
*675 The plaintiff alleges that the accident and resulting damages and loss of income were due entirely to the gross negligence of Curley Marks, the truck driver, in that he was not keeping a proper lookout, was driving the truck without having complete control thereof; that the truck driver failed to give the bus one-half of the travel portion of the roadway, and that the truck driver, did not continue to drive upon his right half of the highway, but drove to his left of the center- of the highway; that the truck was carrying a load in violation of law; particularly, but not exclusively, in that, gin poles attached to and being carried by the truck’s left side, extended about 4 feet out from the body of the truck, and extended more than 6 inches beyond the fender line of the truck; that there were no warning lights of any kind attached to or near the said gin poles.
The defendants in their answer deny any negligence on the part of the truck driver, Curley Marks, by averring that Marks was operating the truck properly and lawfully, on its right side of the highway, with the gin poles being carried on a rack on the left side of the truck, and not extending out from the body of the truck until bent out by the force of the collision. They aver that the accident and damages resulting therefrom were due solely and entirely to the negligence of the plaintiff, particularly, in not maintaining a proper lookout; in traveling in the center of the highway, and in the line of traffic in which defendant’s truck was properly traveling, and failing to remain on the one-half of the highway on his right side; in failing to see, or if he saw, failing to heed the defendant’s truck on the highway and failing to drive the bus with sufficient distance to the right to avoid sideswiping the truck, although its presence was obvious. In the alternative, the defendants plead, in the event it should be found that the. truck driver was guilty of any negligence proximately causing or contributing to the accident, which they deny, that for the reasons aforesaid, the said' Theodore 'Prophet was guilty of contributory negligence barring recovery by him and his insurer.
After trial of the case, the District Court, for oral reasons assigned, granted judgment in favor of plaintiff Prophet, individually, in the sum of $250, and in favor of Prophet for the use and benefit of Columbia Fire Insurance Company, $1271.86. -The defendants have appealed.
Plaintiff Prophet has answered the appeal, praying that the amount of judgment in his favor in the sum of $250 be increased to $727.14, and as thus amended, the judgment be affirmed.- ■
As is often the case in these collision suits, the testimony is very contradictory. The only two actual eye witnesses to the accident were the plaintiff, Theodore Prophet, driver of the bus, and Curley Marks, driver of the truck. Prophet testifies positively that he was on his right-hand side of the highway, driving properly, and that as he approached the oncoming truck, noticing that the truck was driving over the center line on his side, he pulled over farther to the right until part of his bus was on the shoulder, but that, in spite of his precaution, his bus was sideswiped by the truck, or rather, by the gin pole- carrie.d on the left side of the truck, said gin pole being a 6-inch drill pipe, about 12 feet, in length.
On the other hand, Curley Marks, contends -that his truck was being driven about 4 inches on his side of the center line, and that the approaching bus was also being driven about 4 inches on the bus’s side of the line, and that he at all times thought that there was sufficient clearance for both vehicles.
• The point is raised that the gin pole was the actual cause of the accident, and that just prior to the accident it was out of the slot in which it was usually carried. There is no, question from the physical facts that the gin pole did cause the damage to the bus, and that seems to be admitted. Curley Marks, however, maintains that the gin pole was in its proper rack and that he had examined the truck just before leaving St. Francisville, and found that to be the case, and also found at that time, that his warning l-ights were *676 all in good condition. It is further shown that the gin pole, if placed in the rack, did not extend beyond the body and fenders of the truck. In fact, the truck’s clearance lights extend farther out to the side than does the gin pole, and the rack in which the gin pole normally rests, extends about half an inch farther out to the side than does the gin pole. There is some testimony to the effect that Cur-ley Marks admitted right after the accident, that the gin pole was not in its proper rack, and that testimony is corroborated at least to some extent by the fact that the rack was not damaged and the clearance light on the left was not damaged. It is significant to note that the highway on which the truck and the bus were traveling is a bumpy highway, which might indicate that the gin pole could have swung out of the rack after leaving St. Francis-ville.
The trial judge has not favored us with written, reasons for his judgment, but he must ’ have reached the conclusion that the version of the accident as given by plaintiff Prophet was correct and that Cur-ley Marks was negligent either in not having the gin pole in its proper position in the rack and having it extending over the side of his truck, or else, in driving the truck into the lane belonging to plaintiff Prophet. We cannot find any manifest error in that obvious conclusion of fact on the part of the trial judge.
In so far as the quantum of damages is concerned, there seems to be no dispute with reference to the actual damage to the bus in the sum of $1271.86 for the insurer and $100 for plaintiff Prophet representing the deductible portion. There seems to be a very serious question with reference to the item for loss of income- The trial judge, on the claim of $250 a month for three months, allowed $50 a month for three months, or a total of $150. A review of the testimony on that item of damage will show that plaintiff’s proof of any loss at all is highly unsatisfactory. His wife, who acted as his bookkeeper, showed a difference of gros' income over a five-month period of $1175.56, from which gross income, if all the expenses she admitted would have been made, if the extra bus had operated, there would have been no profit whatsoever. It stands to reason that the figures given by her in her testimony are not accurate because it would seem that there would have been more profit with two-buses than with only one, but yet, the burden of proving the loss of income is on the plaintiff, and he has failed to sustain that burden. Moreover, it may be observed that he waited several months before actually having the bus repaired, and that during that time and the time the repairs were being made, he made no attempt to minimize his loss by hiring another bus to. take the place of the damaged one or by any other means. It is our conclusion that plaintiff has not satisfactorily proved' his claim of loss of profit.
For the reasons assigned, it is decreed that the judgment below be amended so as to disallow the sum of. $150 for loss of profit, and, as thus amended, that it be affirmed; the costs of this appeal to be paid by plaintiff-appellee Prophet, all other costs to be paid by defendants.